**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSE DESRAVINES,
GISLENE LAURORE,

                    **Plaintiffs,**

-vs-                                                    Case No.  **6:14-cv-1826-Orl-28GJK**

JUDGE THOMAS KIRKLAND, JUDGE
EMERSON R. THOMPSON, JR., JUDGE
TED COLEMAN, JUDGE CHARLES N.
PRATER, JUDGE, JOHN MARSHALL
KEST, THE ORANGE COUNTY COURT,
CITI MORTGAGE, INC., CASSANDRA M.
RIGAUD, ESQ., LAW OFFICES OF DAVID
J. STERN, P.A., PROVEST LLC,
PENNYMAC LOAN SERVICES, LLC,
ROBERT S. KAHANE, ESQ., CLIVE M.
RYAN, ESQ., REENA PATEL SANDERS,
ESQ., KAHANE & ASSOCIATES, P.A.,
PACIFIC STATES CAPITAL, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. (MERS),

                    **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

        This cause came on for consideration without oral argument on the following motions

filed herein:

| MOTION: | APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2) |
|---|---|
| FILED: | November 10, 2014 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED, the complaint be dismissed, and the case be closed.**

| MOTION: | APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 3) |
|---|---|
| FILED: | November 10, 2014 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED, the complaint be dismissed, and the case be closed.**

## I.   BACKGROUND.

This is at least the fourth action filed *pro se* by Jose Desravines and Gislene Laurore (collectively, the "Plaintiffs") in which they seek to assert claims, in addition to other claims not relevant here, against state judges who are absolutely immune from suit and private parties who are not subject to suit under the legal theories of relief Plaintiffs assert. *See Desravines v. Orange County Sheriff's Office*, *et. al.*, Case No. 6:10-cv-851-Orl-28GJK, Doc. Nos. 50, 52, 78-79 (M.D. Fla. 2010) (case dismissed with respect to state judges on basis of absolute judicial immune and with respect to private parties sued under 42 U.S.C. § 1983);[1] *Desravines v. Orange County Sheriff's Office, et. al.*, Case No. 6:10-cv-1773-Orl-31DAB, Doc. Nos. 7-8 (M.D. Fla. 2010) (same); *Desravines v. Fla. Dep't of Fin. Servs., et. al.*, Case No. 6:11-cv-235-Orl-22DAB, Doc. Nos. 3, 5 (M.D. Fla. 2011) (same); *Desravines v. Walmart, et. al*., Case No. 6:11-cv-1806-

---

[1] The years noted in the above case citations reflect the year in which the respective complaints were filed.

Orl-22TBS, Doc. Nos. 49 (M.D. Fla. 2011) (§ 1983 action dismissed against private parties).   In each of the prior cases, the report and recommendations, as well as the orders adopting the same, have clearly, unequivocally, and repeatedly explained why Plaintiffs' various complaints were due to be dismissed.  *Id.*  In Case No. 6:10-cv-851, Doc. No. 78, the Eleventh Circuit affirmed the Court's dismissal based on judicial immunity and the inapplicability of § 1983 to private parties who are not acting under the color of state law.  *See Desravines v. Orange County Sheriff's Office*, 520 F. App'x 946, 947-48 (11th Cir. 2013) (unpublished).  Undeterred by their numerous prior dismissals, Plaintiffs have now filed a frivolous complaint against five state court judges, numerous attorneys, law firms, and other private entities related to a 2008 foreclosure action.  Doc. No. 1.

On November 7, 2014, Plaintiffs filed a complaint (the "Complaint") against the following defendants: state Judges Thomas Kirkland, Emerson R. Thompson, Jr., Ted Coleman, and Charles N. Prater (collectively, the "Judges"); the Orange County Court, which is Florida's Ninth Judicial Circuit Court, in and for Orange County, Florida (the "Ninth Circuit"); Citi Mortgage, Inc. ("Citi"); Provest LLC ("Provest"); PennyMac Loan Services, LLC ("PennyMac"); Pacific States Capital ("PSC"); Mortgage Electronic Registration Systems, Inc. ("MERS"); attorneys Cassandra M. Rigaud, Esq., Robert S. Kahane, Esq., Clive M. Ryan, Esq., and Reena Patel Sanders, Esq. (collectively, the "Attorneys"); and the Law Offices of David J. Stern, P.A. and Kahane & Associates P.A. (collectively, the "Firms").  Doc. No. 1 at 1-7.

In short, the Complaint alleges that between June 13, 2008 and August 25, 2011, the Judges, Ninth Circuit, Firms, Attorneys, the mortgage companies who held or hold Plaintiffs' mortgage, and MERS all conspired with each other to violate Plaintiffs' constitutional rights and

3

to foreclose upon Plaintiffs' mortgage in Case No. 48-2008-CA-14468-O, which was filed on June 13, 2008 by Citi in the Ninth Circuit.  Doc. No. 1 at ¶¶ 5-21.  Plaintiffs' claims against the Judges are brought pursuant 42 U.S.C. § 1983 for deprivation of Plaintiffs' constitutional rights in their capacity as judges in the foreclosure action.  Doc. No. 1 at ¶ 2.  Plaintiffs' claims against the Ninth Circuit, Attorneys, Firms, mortgage companies, and MERS are solely brought pursuant to *Bivens v. Six Unknown Named Agent of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Doc. No. 1 at 3-5.  Plaintiffs request that the Court enter judgment finding that all prior and future orders of the state court in the underlying foreclosure action are "void and have no legal force," and Plaintiffs requests an award of damages from each of the defendants individually in the amount $100,000,000.00.  Doc. No. 1 at ¶¶ 20-21.

Now before the Court are Plaintiffs' respective motions to proceed *in forma pauperis* (the "Motions").  Doc. Nos. 2-3.  For the reasons set forth below, it is **RECOMMENDED** that the Court **DENY** the Motions, **DISMISS** the Complaint as to all defendants for several independent reasons, and direct the Clerk to **CLOSE** the case.

II.    THE LAW.

A.  The Statute and Local Rules.

The United States Congress has required that the district court review[2] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim.  *See* 28 U.S.C. § 1915.  The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis.*  Section 1915 provides:

---

[2] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints.  Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> 
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (2010) (formerly § 1915 (d)).[3]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*.  *See* Local Rule 4.07.  Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*.  Local Rule 4.07 (a).  The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions.  Local Rule 6.01(c)(18).  With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge.  *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate.  Local Rule 4.07(a).

## B.      Discretion Under 28 U.S.C. § 1915.

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is

---

[3] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.  28 U.S.C. § 1915 (a)(3).

frivolous. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).[4] The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975).  Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### C.    Frivolous Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight or "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990). [5]  The trial court must determine whether there is a factual and legal basis of constitutional or statutory dimension for the asserted wrong. *Clark*, 915 F.2d at 639.  Specifically, a complaint is frivolous where it relies on "indisputably meritless legal theor[ies.]"  *Id*. at 327.  A complaint is also frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28).  Accordingly, where a district court determines from the face of the complaint that the legal theories are indisputably meritless or the factual allegations are clearly baseless, the court may conclude that the case has

---

[4] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

[5] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of § 1915(e)(2).

little or no chance of success and dismiss the complaint before service has been perfected. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam). Critical to the Court's analysis is whether the claims asserted are within the limited jurisdiction of the federal courts. *See generally Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

## III.    ANALYSIS.

### A.    The Judges.

Plaintiffs seek relief against the Judges for their actions, including relief from all of their respective orders and/or judgments, which were taken in their official capacity in the underlying foreclosure action. Doc. No. 1 at ¶¶ 2, 5, 7, 17, 20. As it has been repeatedly explained to the Plaintiffs, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). "Absolute judicial immunity 'applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Williams v. Alabama*, 425 F. App'x 824, 825 (11th Cir. 2011) (unpublished and quoting *Bolin*, 225 F.3d at 1239). In *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005), the Eleventh Circuit explained:

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

*Id.* "[T]he district court may dismiss a claim based on absolute judicial immunity if it represents an 'obvious bar' based on the allegations in the complaint." *Williams*, 425 F. App'x at 825.

Based on the allegations in the Complaint, the acts complained of constitute normal judicial functions, involving a case that was pending before the Judges.   Doc. No. 1. Furthermore, despite conclusory statements to the contrary, the allegations in the Complaint do not show a clear absence of all jurisdiction, but at most only rise to the level of an error.  *See* Doc. No. 1 at ¶¶ 18-20.   Thus, absolute judicial immunity operates as an obvious bar to Plaintiffs' allegations.

**B.      The Ninth Circuit.**

Plaintiffs' *Bivens* claim against the Ninth Circuit is also due to be dismissed.  The Ninth Circuit is "an arm of the state and the action [against it] is barred by the Eleventh Amendment." *Bey v. Ninth Judicial Circuit*, Case No. 6:11-cv-510-Orl-18DAB, Doc. Nos. 3-4, 2011 WL 1791284, at \*2 (M.D. Fla. Apr. 15, 2011) (citing *Harrison v. Office of State Courts Adm'r*, 2007 WL 1576351, at \*4 (M.D. Fla. 2007) (holding the Eleventh Amendment bars suit against Ninth Circuit)).

**C.      Other *Bivens* Claims.**

In the Complaint, Plaintiffs seek to assert *Bivens* claims against the Attorneys, Firms, Citi, Provest, PennyMac, PSC, and MERS for the alleged deprivation of Plaintiffs' constitutional rights in the underling foreclosure action.  Doc. No. 1 at 3-5.  In *Bivens*, 403 U.S. at 388, the United States Supreme Court held that private citizens have a cause of action against federal officers, in their individual capacity, who violate the private citizen's constitutional rights under the color of federal law.  "The effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to section 1983 actions against state officials." *Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980).  In *Correctional Servs.*

*Corp. v. Malesko*, 534 U.S. 61, 66 (2001), the United States Supreme Court held that no *Bivens* action exists against a private entity who is alleged to have committed a deprivation of constitutional rights even if acting under the color of federal law. *Id*. *See also Sabeta v. Baptist Hospital of Miami, Inc*., 410 F. Supp. 2d 1224, 1244-1245 (S.D. Fla. 2005).

The Complaint does not properly allege a *Bivens* action for two straightforward reasons. First, there is no allegation, nor could there ever realistically be, that the state foreclosure action and/or the actions of the defendants arose under color of federal law. Doc. No. 1. Second, even assuming the impossible, that the actions of the defendants arose under the color of federal law, the Attorneys, Firms, Citi, Provest, PennyMac, PSC, and MERS are all private individuals or entities and, therefore, no cognizable claim may stand under *Bivens*. *See Malesko*, 634 U.S. at 66.[6] Accordingly, Plaintiffs' claims against the Attorneys, Firms, Citi, Provest, PennyMac, PSC, and MERS lack an "arguable basis either in law of fact." *Neitzke*, 490 U.S. at 325.

**D.     The *Rooker-Feldman* and the *Younger* Abstention Doctrines.**

Even if the Complaint was not subject to dismissal for the reasons set forth above, dismissal would still be required under the *Rooker-Feldman* and the *Younger* abstention doctrines. *See Rooker v. Fidelity Trust Co*., 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983); *Younger v. Harris*, 401 U.S. 37, 43 (1971). In this case, Plaintiffs are requesting federal court review of all orders and/or judgments entered in the underlying state foreclosure action, which may be ongoing, and an order finding

---

[6] Even if the claims were brought under 42 U.S.C. § 1983 instead of *Bivens* they would still fail. Section 1983 permits private citizen to bring suit for the deprivation of federal rights by persons acting under color of state law. Private individuals and entities, such as the defendants here do not act under color of state law. *See Cobb v. Georgia Power Co*., 757 F.2d 1248, 1250 (11th Cir. 1985); *Carson v. Wells Fargo Bank, N.A*., Case No. 8:10-cv-2362-T-17EAJ, 2011 WL 2470099, at *2 (M.D. Fla. June 20, 2011) (private bank does not act under color of state law by filing and pursuing a foreclosure action in state court no matter how offensive its conduct). Thus, leave to amend for Plaintiffs to assert Section 1983 claims would be futile.

all prior and future orders of the state court in that action are void.  Doc. No. 1 at ¶¶ 19-20.

Such as suit is not cognizable in federal court.  "The *Rooker-Feldman* doctrine provides that

federal courts, other than the United States Supreme Court, have no authority to review the final

judgments of state courts."  *Bey v. Ninth Judicial Circuit*, Case No. 6:11-cv-510-18DAB, 2011

WL 1791284, at *2 (M.D. Fla. Apr. 15, 2011).  Similarly, if Plaintiffs are seeking review of the

orders of the state court in a foreclosure proceeding that remains pending, the *Younger* abstention

doctrine forbids this Court from exercising jurisdiction over the claims.  *Younger*, 401 U.S. at 43

(The abstention doctrine is premised upon a fundamental "public policy against federal court

interference with state court proceedings.").  Accordingly, regardless of the nature of the claims

Plaintiffs have brought or may bring, because Plaintiffs are seeking to void the orders and

judgments of a state court proceeding, this Court should not exercise jurisdiction over the claims.

> ## E.      Frivolous.

Finally, and in the alternative to all other bases provided above for dismissal, the

Complaint should be dismissed because the allegations raised in it, *i.e.*, that five (5) judges, the

Ninth Circuit itself, numerous attorneys and law firms, and five major private corporations all

conspired  over the past six years to take Plaintiffs' home are  "clearly baseless," "fanciful,"

"fantastic," and "delusional."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*,

490 U.S. at 325, 327-28).   Thus, the claims are patently frivolous on their face, they have no

reasonable chance of success, and dismissal is warranted.  *Carroll v. Gross*, 984 F.2d 392, 393

(11th Cir. 1993) (per curiam).

Based on the forgoing, it is **RECOMMENDED** that the Court:

1.      **DENY** the Motions (Doc. No. 2-3);

2.      **DISMISS** the Complaint (Doc. No. 1) without leave to amend; and

3.      Direct the Clerk to **CLOSE** the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk is directed to immediately send a copy of this report and recommendation to Plaintiffs by <u>BOTH</u> Regular and Certified Mail.**

**RECOMMENDED** in Orlando, Florida on November 20, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
**Unrepresented Parties by Regular and Certified Mail**